**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZMRUKHT MURADYAN, | No. 07-71461 |
| Petitioner, | Agency No. A095-296-638 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Zmrukht Muradyan, a native and citizen of Armenia, petitions for review of

the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument and therefore Muradyan's request for oral argument is
denied. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 n.4 (9th Cir. 2003), and we deny the petition for review.

Substantial evidence supports the agency's determination that Muradyan failed to establish the discrimination, harassment, and rock throwing she experienced in Armenia, even considered cumulatively, constituted past persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184-85 (9th Cir. 2003); *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003). Substantial evidence also supports the agency's findings that Muradyan did not demonstrate a well-founded fear of future persecution because her voluntary return to Armenia following the most significant incident of harm undermined her claim. *See Loho v. Mukasey*, 531 F.3d 1016, 1017-18 (9th Cir. 2008). Accordingly, Muradyan's asylum claim fails.

Because Muradyan failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's denial of CAT relief because Muradyan failed to demonstrate that it is more likely than not she will be tortured in Armenia. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

07-71461

Contrary to Muradyan's contention to the court, the record reflects that the agency considered the letter she submitted in support of her claim.

**PETITION FOR REVIEW DENIED.**